# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rene Albert Varelas,<br><br>    Plaintiff,<br><br>v.<br><br>Centurion Detention Health Services LLC, et al.,<br><br>    Defendants. | No. CV-22-01977-PHX-ROS (ESW)<br><br>**ORDER** |

In November 2022, Plaintiff Rene Albert Varelas ("Plaintiff") filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint included three counts: (i) a Fourteenth Amendment claim for denying medical care and neglecting to address serious health complications; (ii) an Eighth Amendment claim for refusing to diagnose Plaintiff's severe pain in his eyes, ears, head, and neck and (iii) another Eighth Amendment claim for being deliberately indifferent to Plaintiff's pain. (Doc. 1). The Court screened Plaintiff's three-count Complaint, dismissing Count One for failure to allege that the conduct described was the result of a specific policy or custom of Defendant Centurion Detention Health Services. (Doc. 8 at 4). The Court found that Counts Two and Three sufficiently stated Eighth Amendment claims and ordered Defendant Centurion to answer those two counts. (*Id.*)

On January 20, 2023, Plaintiff filed a First Amended Complaint that is almost identical to the original complaint. In the amended complaint, Count One is identified as a claim under the Eighth Amendment, rather than the Fourteenth. The other two counts are

the same as in the original complaint. The First Amended Complaint does not amend the factual allegations previously set forth.

Magistrate Judge Eileen S. Willett screened Plaintiff's First Amended Complaint and ordered Defendant Centurion to answer Counts Two and Three. The Magistrate Judge issued a Report and Recommendation (Doc. 15) recommending the Court dismiss Count One of the First Amended Complaint without prejudice for failing to allege the conduct at issue was part of a specific policy or custom of Defendant Centurion.

The Magistrate Judge additionally recommends dismissing Defendant Shinn without prejudice. The First Amended Complaint does not state any allegations specifically directed at Defendant Shinn, and there is no vicarious liability for claims brought pursuant to 42 U.S.C. § 1983 without the supervisor having personally participated or knew of the violations and failed to prevent them. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Since Plaintiff has not alleged Defendant Shinn personally participated in a deprivation of Plaintiff's constitutional rights, the Magistrate Judge recommends dismissing Defendant Shinn.

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district judge must review de novo the portions to which an objection is made. *Id.* The district judge need not, however, review the portions to which no objection is made. *See Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003).

Plaintiff filed an Objection to the Magistrate Judge's Report and Recommendation. (Doc. 16). Plaintiff argues he alleged that Centurion and Arizona Department of Corrections, Rehabilitation & Recovery ("ADCRR") "improperly conducted the grievance process." (Doc. 16 at 2). Plaintiff seems to be arguing ADCRR's grievance process was not followed because he submitted an "Informal Complaint Resolution," which was met with a "Formal Grievance Response," skipping two steps in the process. (*Id.* at 3).[1]

---

[1] Plaintiff makes additional arguments about the importance of the exhaustion requirement for prisoners bringing lawsuits. (Doc. 16 at 4). Whether Plaintiff exhausted before filing suit does not appear to be at issue in Plaintiff's case, however. It appears Plaintiff is attempting to allege an Eighth Amendment Claim against Centurion for failure to follow

However, as the Magistrate Judge noted, to state a claim against Centurion under § 1983, Plaintiff must allege facts to support that the constitutional violation was caused by "a policy, practice, or custom of the entity." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012) (quoting *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011)). Plaintiff did not allege that the failure to follow the grievance procedure was part of a policy, practice, or custom of Centurion. The Court thus agrees with the Magistrate Judge that Count One should be dismissed without prejudice.

Plaintiff does not seem to specifically object to the dismissal of Defendant Shinn. However, he argues Defendant Shinn was "really responsible for providing a constitutionally adequate health care system." (Doc. 16 at 2). The Court agrees with the Magistrate Judge that without specific allegations of how Defendant Shinn was personally involved in or aware of the alleged constitutional violations here, he should be dismissed without prejudice.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 15) is **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** Count One of Plaintiff's First Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** Defendant Shinn is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** this case is still referred to the Magistrate Judge for all pretrial matters.

Dated this 9th day of June, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge

---

the grievance procedure.